IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02712-WYD-MEH

TOM CARR,

    Plaintiff,
v.

WELLS FARGO BANK NATIONAL ASSOCIATION AS TRUSTEE,
JOEL MECKLENBURG, Reg. No. 36291,
THE LAW FIRM OF ARONOWITZ & FORD, L.L.P., and
STEPHANIE O'MALLEY, in her personal capacity,

    Defendants.

---

**RECOMMENDATION ON DEFENDANTS' MOTIONS TO DISMISS**

---

Before the Court are Defendants Wells Fargo Bank National Association as Trustee ("Wells Fargo"), Joel Mecklenburg, and Aronowitz & Ford, LLP's Motion to Dismiss [Docket #4] and Defendant Denver Public Trustee Stephanie O'Malley's Motion to Dismiss [Docket #6], which the Court converted to Motions for Summary Judgment pursuant to Fed. R. Civ. P. 12(c) [Docket #11]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO. L.Civ.R 72.1.C, these matters have been referred to this Court for recommendation. For the reasons set forth below, the Court recommends that the District Court **grant** Defendants' Motions.

**I.    Facts**

Plaintiff purchased a home on June 27, 2005, and executed a promissory note which named Decision One Mortgage Company, LLC as the note holder. Plaintiff also executed a deed of trust, naming Decision One Mortgage Company, LLC as the lender. In November 2007, Defendants Joel Mecklenburg of Aronowitz and Ford, LLC commenced a foreclosure action on behalf of Wells Fargo seeking to collect on the promissory note. Plaintiff alleges that Wells Fargo is not the owner

of the promissory note and, therefore, Defendants' actions in seeking the foreclosure of his home violate the Fair Debt Collections Practices Act ("FDCPA") 15 U.S.C. § 1692 *et seq.*, because Defendants had no legal right to collect on the debt. Plaintiff alleges that Defendant Stephanie O'Malley, the Public Trustee for the County of Denver, participated in these violations by allowing Wells Fargo to foreclose on his house when Decision One Mortgage Company, LLC is the lender listed on the deed of trust.

Plaintiff alleges that Defendant O'Malley exceeded her statutory authority and violated both the FDCPA and the Equal Access to Justice Act. Plaintiff seeks actual and statutory damages for violations of the FDCPA, statutory damages under the Equal Access to Justice Act, as well as "[d]eclaratory relief under 28 U.S.C. § 2201 declaring the state foreclosure invalid and unlawful." Dock. #1 at 11. In sum, Plaintiff explains that "[t]his matter centers around the simple and single question of whether Wells Fargo Bank National Association as Trustee, Joel Mecklenburg and Aronowitz & Ford, LLP had any legal authority to initiate an action in foreclosure against the Plaintiff's home using [sic] office of the Denver County Public Trustee." Dock. #26 at ¶ 4.

Defendants filed Motions to Dismiss, which the Court converted to Motions for Summary Judgment pursuant to Fed. R. Civ. P. 12(c). Defendants first argue that Plaintiff's Complaint is barred by *Rooker-Feldman*, because Plaintiff seeks a declaration that the state court foreclosure action is void; that Defendant O'Malley is not subject to the FDCPA; and that Plaintiff does not state a claim for violation of the FDCPA, because this claim is premised on Plaintiff's assertion that Wells Fargo cannot foreclose on his home.

As an initial matter, the Court allowed supplemental briefing, and Plaintiff responded by filing a Response and Objection as well as a Cross-Motion for Summary Judgment as to both

2

Motions to Dismiss. *See* Dock. ##25, 26. By Local Rule, Plaintiff cannot file a response to a motion and a motion in this same document. D.C.Colo.L.Civ.R. 7.1.C. Thus, the Court has considered Plaintiff's supplemental pleadings in response to Defendants' motions but strikes the cross-motions for failure to comply with Local Rule 7.1.C. Nevertheless, Plaintiff's cross-motions are mooted based on the Court's conclusions specified herein.

## II. Legal Standard

### A. Legal Standard for Summary Judgment

A motion for summary judgment serves the purpose of testing whether a trial is required. *Heideman v. South Salt Lake City*, 348 F.3d 1182, 1185 (10th Cir. 2003). The Court shall grant summary judgment if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material if it might affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The non-moving party has the burden of showing that there are issues of material fact to be determined. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The moving party bears the initial responsibility of providing to the Court the factual basis for its motion and identifying the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which reveal that there are no genuine issues as to any material facts, and that the party is entitled to summary judgment as a matter of law. *Id.* at 323; *Maldonado v. City of Altus*, 433 F.3d 1294, 1302 (10th Cir. 2006). If the movant properly supports a motion for summary judgment, the opposing party may not rest on the allegations contained in his complaint, but must respond with specific facts showing a genuine factual issue for trial. *Hysten v.*

*Burlington Northern and Santa Fe Ry.*, 296 F.3d 1177, 1180 (10th Cir. 2002); Fed. R. Civ. P. 56(e). These specific facts may be shown "'by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves.'" *Pietrowski v. Town of Dibble*, 134 F.3d 1006, 1008 (10th Cir. 1998) (quoting *Celotex*, 477 U.S. at 324). "[T]he content of summary judgment evidence must be generally admissible and . . . if that evidence is presented in the form of an affidavit, the Rules of Civil Procedure specifically require a certain type of admissibility, *i.e.*, the evidence must be based on personal knowledge." *Bryant v. Farmers Ins. Exch.*, 432 F.3d 1114, 1122 (10th Cir. 2005). Finally, "[t]he court views the record and draws all favorable inferences in the light most favorable to the non-moving party." *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. Pepsico, Inc.*, 431 F.3d 1241, 1256 (10th Cir. 2005).

**B.** *Pro se* **Pleadings**

A federal court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). The Court should not be the *pro se* litigant's advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Plaintiff retains the burden of alleging sufficient facts to support a claim for relief, because "a *pro se* plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Id.*

**III. Defendant Stephanie O'Malley's Motion to Dismiss**

The *Rooker-Feldman* doctrine is a jurisdictional prohibition that is based on 28 U.S.C. §

1257, which holds that federal review of state court judgments may be obtained only in the United States Supreme Court. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *see also Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994) (holding that the *Rooker-Feldman* doctrine bars "what in substance would be appellate review of the state judgment in a United States district court, based on [a] claim that the state judgment itself violates . . . federal rights"). The *Rooker-Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

Here, Plaintiff alleges that the actions of Defendant O'Malley in the foreclosure were illegal. Plaintiff seeks a declaration from this Court that the state foreclosure was invalid and unlawful. For Plaintiff's claims against Defendant O'Malley to stand, he must establish that the lien she allowed to be foreclosed was invalid and that, through this process, she exceeded her authority as Public Trustee of Denver County. Clearly, if the lien was perfected and valid, Plaintiff would have no claim against her, and he has not alleged that he did not default on the loan. Thus, the premise of this claim also centers on the validity of the lien, or Wells Fargo's standing to foreclose on the lien. Because the premise of Plaintiff's claims was previously adjudicated by the state court, which authorized the sale of his house, granting Plaintiff the relief requested would require this Court to invalidate a state court judgment. Accordingly, these allegations, as well as the requested relief, are squarely within the scope of the *Rooker-Feldman* doctrine, and preclude this Court from reviewing Plaintiff's claims.

Plaintiff also claims that Defendant O'Malley violated the FDCPA by participating in the

foreclosure. The FDCPA applies only to debt collectors, and, therefore, does not apply to the Defendant O'Malley, an officer of the State. 15 U.S.C. § 1692a(6)(C) (excluding any officer or employee of the state who is acting in the performance of her official duties). Because Ms. O'Malley was performing her official duties, she cannot be sued under the FDCPA. Accordingly, Plaintiff's claims against Defendant O'Malley must fail, and this Court recommends that Defendant O'Malley's Motion to Dismiss (converted to a Motion for Summary Judgment) be granted.

## IV. Remaining Defendants Motion to Dismiss

Defendants Wells Fargo, Joel Mecklenburg, and Aronowitz & Ford, LLP argue that Plaintiff's claims against them are also barred by *Rooker-Feldman*. Again, Plaintiff is attempting to overturn the state court order of foreclosure in this Court. Plaintiff alleges that he has no contract with Wells Fargo, and that it was improper for these Defendants to foreclose on his home. Plaintiff contends that "Wells Fargo must **prove** that actions taken against the Plaintiff's property in concert with the other defendants were based in law and on authority derived from the provisions in the recorded instrument." Dock. #9 at ¶ 11 (emphasis in original). While this may be the standard for Defendants to seek foreclosure in state court, the state court has already authorized the sale. Dock. #4, Exh. 10. Plaintiff received notice of that hearing, dock. #9, Exh. 8, and he should have contested Defendant's ability to foreclose on his home at that hearing. Plaintiff's attempts to do so in federal court fall squarely within *Rooker-Feldman*, as courts addressing similar claims have previously determined. *Byrd v. Homecomings Financial Network*, 407 F. Supp. 25 937, 943 (N.D. Ill. 2005) ("Absent the state court's judgment of foreclosure and subsequent confirmation of the sale of Byrd's property, Byrd would not now have the injury she seeks to redress. All of Byrd's filings attempt to remedy this one injury: the foreclosure on her home. Thus, *Rooker-Feldman* applies, and the Court

6

does not have subject-matter jurisdiction to hear Byrd's claims.").

Moreover, any claim that Defendants violated the FDCPA by foreclosing on a property in which they had no legal interest is barred by *Rooker-Feldman*. *Rooker-Feldman* not only bars consideration of issues that were actually presented to and decided by a state court, but it also bars consideration of constitutional claims that are "inextricably intertwined with" issues that were ruled upon by a state court. *See Feldman,* 460 U.S. at 483-84 n.16. A federal claim is inextricably intertwined with issues reached by a state court "if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Charchenko v. City of Stillwater*, 47 F.3d 981, 983 (8th Cir. 1995). In short, *Rooker-Feldman* precludes a federal action if the relief requested in the federal action would effectively reverse some action or decision by a state court, or would effectively void its ruling. *Id*.

To determine whether claims are inextricably intertwined, "the fundamental and appropriate question to ask is whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment." *Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir. 1996); *see also Pittsburg County Rural Water Dist. No. 7 v. City of McAlester*, 358 F.3d 694, 707 (10th Cir. 2004) (holding that courts should ask "'whether the state-court judgment caused, actually and proximately, the injury for which [the party] seeks redress'") (quoting *Kenman Engineering v. City of Union*, 314 F.3d 468, 476 (10th Cir. 2002)). For example, the Tenth Circuit Court of Appeals has held that a claim that the state court proceedings were deficient is exactly the kind of claim that should be rejected as inextricably intertwined with the state court claims, because it necessarily seeks invalidation of a state court judgment. *Bergman v. LaCouture*, 218 Fed. Appx. 749, 751 (10th Cir. 2007) (holding that plaintiff's attempt to overturn a state court judgment because

she did not receive notice of the state court hearing was barred by *Rooker-Feldman*).

Here, Plaintiff's FDCPA claims are premised on the argument that Defendants had no legal right to foreclose on his property, and that Defendants violated federal law by seeking to collect on a debt without the legal right to do so. Thus, a consideration of Plaintiff's FDCPA claims requires this Court to overturn the state court's determination when it issued its Order Authorizing Sale that Defendant Wells Fargo had the legal right to foreclose on Plaintiff's house. Plaintiff's federal claims are, therefore, inextricably intertwined with the state court claims.

To the extent that Plaintiff's claims are not barred, he has chosen the wrong forum. Plaintiff argues that his claims are appropriate because Rule 120 allows review of the Order Authorizing Sale in "any court of competent jurisdiction." Colo. R. Civ. P. 120(d). While Plaintiff's statement of Colorado law is correct, his choice of courts is not. The Colorado Rules of Civil Procedure cannot confer jurisdiction in federal court. Thus, Plaintiff must rely on his FDCPA claims and request that this Court exercise supplemental jurisdiction over the Rule 120 proceedings pursuant to 28 U.S.C. § 1367 (a). Supplemental jurisdiction, however, is inappropriate in this case for two reasons. First, Section 1367 allows federal courts to decline to exercise supplemental jurisdiction if "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction." 28 U.S.C. § 1367 (c)(2). In this case, whether Defendants have the legal right under state law to foreclose on Plaintiff's home is the crux of this case, as well as the basis of Plaintiff's FDCPA claims. The Rule 120 proceedings initiated by Defendant Wells Fargo, therefore, substantially predominate in this case.

Second, federal courts are to avoid interference with ongoing state proceedings if the state court provides an adequate forum to present any federal challenges. *Younger v. Harris*, 401 U.S.

37 (1971). Pursuant to the *Younger* Abstention Doctrine, "[e]ven when a federal court would otherwise have jurisdiction to hear a claim, the court may be obliged to abstain when a federal-court judgment on the claim would interfere with an ongoing state proceeding implicating important state interests." *D.L. v. Unified School Dist. No. 497*, 392 F.3d 1223, 1227-28 (10th Cir. 2004). This Court must abstain from exercising jurisdiction if the following conditions are met:

> (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Weitzel v. Div. of Occupational & Prof'l Licensing*, 240 F.3d 871, 875 (10th Cir. 2001).

In this case, Plaintiff readily admits that this federal lawsuit corresponds to proceedings in state court by alleging that Defendant Wells Fargo is trying to foreclose on his house. Plaintiff can pursue his claim that Defendants have no legal right to foreclose on his house first with the county court and later with the state court of appeals. Plaintiff does not and cannot establish that the state appellate process will not provide an adequate forum for his claims. Moreover, the state proceedings involve important state interests, in that the foreclosure action as well as the perfection and recording of liens are matters governed by state law and are traditionally resolved in state courts. Not surprisingly, Plaintiff is relying on Colorado law to support his argument that Defendant Wells Fargo has no legal interest in his house. Dock. #26 at 4–9. In addition, Rule 120 provides that "[a]ny proceeding under this Rule involving a consumer obligation shall be brought in and heard in the county in which such consumer signed the obligation or in which the property or a substantial part thereof is located." Colo. R. Civ. P. 120(f). Thus, the state has expressed its interest in having the matter at issue in this case resolved specifically in state court for the county of Denver.

9

For these reasons, the Court finds that Plaintiff's attempts to declare the state court foreclosure unlawful and to claim that Defendants' actions in foreclosing on Plaintiff's house violated the FDCPA are barred by *Rooker-Feldman*. To the extent that Plaintiff has raised claims not barred by a judgment, this Court should abstain from exercising jurisdiction over Plaintiff's claims to allow Plaintiff to pursue his legal remedies in the proper forum, that is the state court for Denver county.

Finally, although Plaintiff has asserted violations of the Equal Access to Justice Act, this Act applies only in cases brought against the United States, and Plaintiff's claims for damages under this Act should, therefore, be denied. *See* 28 U.S.C. § 2401 *et seq.*

## V. Conclusion

Accordingly, for the reasons stated above, the Court RECOMMENDS that Defendants Wells Fargo Bank National Association as Trustee, Joel Mecklenburg, and Aronowitz & Ford, LLP's Motion to Dismiss [Filed February 13, 2008; Docket #4] and Defendant Denver Public Trustee Stephanie O'Malley's Motion to Dismiss [Filed February 15, 2008; Docket #6] be **granted** and that this matter be **dismissed without prejudice**. Under Fed. R. Civ. P 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.[1]

---

[1] The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy of this Recommendation may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the

Dated at Denver, Colorado this 28th day of April, 2008.

                          BY THE COURT:

                          s/ Michael E. Hegarty
                          Michael E. Hegarty
                          United States Magistrate Judge

---

District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).