IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 07-cv-02712-WYD-MEH

TOM CARR,

    Plaintiff,

v.

WELLS FARGO BANK NATIONAL ASSOCIATION AS TRUSTEE;
JOEL MECKLENBURG, Reg. No. 36291;
THE LAW FIRM OF ARONOWITZ & FORD, L.L.P.; and
STEPHANIE O'MALLEY, in her personal capacity,

    Defendants.

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION
ON DEFENDANTS' MOTIONS TO DISMISS**

THIS MATTER is before the Court on Defendant Wells Fargo National Association as Trustee, Joel Mecklenburg, and Aronowitz & Ford, LLP's Motion to Dismiss (filed February 13, 2008) and Defendant Denver Public Trustee Stephanie O'Malley's Motion to Dismiss (filed February 15, 2008). The parties were notified that these motions were converted to Motions for Summary Judgment by Notice filed March 10, 2008. Pursuant to the Order of Reference dated December 28, 2008 and memoranda dated February 13, 2008 and March 4, 2008, these motions were referred to Magistrate Judge Hegarty.

On April 28, 2008, Magistrate Judge Hegarty filed a Recommendation on Defendants' Motions for Summary Judgment. The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b), Fed. R. Civ. P. 72, D.C.COLO.LR. 72.4.

Magistrate Judge Hegarty recommends therein that Defendants' Motions to Dismiss, converted to Motions for Summary Judgment, be granted and that this case be dismissed without prejudice. *See* Recommendation at 1. On May 8, 2008, Plaintiff filed timely objections to the recommendation, which necessitates a *de novo* review as to the specific portions of the Recommendation to which Plaintiff objects. FED. R. CIV. P. 72(b).

Magistrate Judge Hegarty recommended that Defendant Stephanie O'Malley's Motion for Summary Judgment be granted on the following bases. First, he found that because Plaintiff's claims related to the foreclosure of his house were previously adjudicated by the state court, granting Plaintiff the relief requested would require this Court to invalidate a state court judgment. Accordingly, Magistrate Judge Hegarty found that Plaintiff's allegations and the requested relief are within the scope of the *Rooker-Feldman* doctrine and preclude this Court from reviewing Plaintiff's claims. *See* Recommendation at 5 (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) and other cases). As to Plaintiff's claim that Defendant O'Malley violated the Federal Debt Collections Practices Act ["FDCPA"] by participating in the foreclosure, Magistrate Judge Hegarty found that the FDCPA applies only to debt collectors and does not apply to O'Malley, an officer of the State performing her official duties. Recommendation at 11 (citing 15 U.S.C. § 1692a(6)(C)). Accordingly, he concluded that Plaintiff's claims against Defendant O'Malley must fail and summary judgment was properly granted as to her. *Id.*

As to the remaining Defendants, Wells Fargo, Joel Mecklenburg, and Aronowitz & Ford, LLP, Magistrate Judge Hegarty found that the claims against them seek to overturn the state court order of foreclosure on Plaintiff's home. Recommendation at 6. Again, the Recommendation finds that these claims fall squarely within *Rooker-Feldman* and this Court does not have subject matter jurisdiction over the claims. *Id.* at 6-7. Further, Magistrate Judge Hegarty found that any claim that Defendants violated the FDCPA by foreclosing on a property in which they had no legal interest is also barred by *Rooker-Feldman*, as that doctrine not only bars consideration of issues that were actually presented to and decided by a state court, but also bars consideration of constitutional claims that are "inextricably intertwined with" issues that were ruled upon by a state court. *Id.* at 7 (citing *Feldman,* 460 U.S. at 483-84 n.16). In this case, he found that a consideration of Plaintiff's FDCPA claims requires the Court to overturn the state court's determination when it issued its Order Authorizing Sale that Defendant Wells Fargo had the legal right to foreclose on Plaintiff's house. *Id.* at 8. The Recommendation concluded that Plaintiff's federal claims are, therefore, inextricably intertwined with the state court claims. *Id.*

Magistrate Judge Hegarty further found that to the extent that Plaintiff's claims are not barred, he has chosen the wrong forum. *Id.* While C.R.C.P. 120 allows review of the Order Authorizing Sale in "any court of competent jurisdiction", this does not confer jurisdiction in federal court. *Id.* Thus, Plaintiff must rely on his FDCPA claims and request that this Court exercise supplemental jurisdiction over the Rule 120 proceedings pursuant to 28 U.S.C. § 1367(a). *Id.* However, Magistrate Judge Hegarty

found that supplemental jurisdiction is inappropriate in this case for two reasons. First, the Rule 120 proceedings initiated by Defendant Wells Fargo substantially predominate in this case. *Id.* Second, federal courts should avoid interference with ongoing state proceedings if the state court provides an adequate forum to present any federal challenges. *Id.* at 8-9 (citing *Younger v. Harris*, 401 U.S. 37 (1971)). In this case, Magistrate Judge Hegarty found that the state court provides an adequate forum related to Plaintiff's foreclosure allegations. He concluded that to the extent that Plaintiff has raised claims not barred by a judgment, this Court should abstain from exercising jurisdiction over Plaintiff's claims to allow Plaintiff to pursue his legal remedies in the proper forum—the Denver County Court. *Id.*

Finally, Magistrate Judge Hegarty found that although Plaintiff has asserted violations of the Equal Access to Justice Act, this Act applies only in cases brought against the United States. Thus, Plaintiff's claims for damages under this Act should be denied. *Id.*

Turning to the objections, Plaintiff asserts, among other things, that the *Rooker-Feldman* doctrine is inapplicable because the state court judgment is void. That is because Plaintiff alleges that Wells Fargo does not have and has never had a recorded instrument naming it as a party of any kind with any rights against Plaintiff's property. Thus, Plaintiff argues that Wells Fargo had no standing to bring the Rule 120 proceeding, the state court never required proof that Wells Fargo had such standing, and the proceeding is void. Plaintiff cites cases holding that where the state court order is void, the *Rooker-Feldman* doctrine does not apply. Further, he asserts that

Magistrate Judge Hegarty ignored the proof submitted by Plaintiff that the state court's Order allowing foreclosure is void.  Plaintiff also objects on the basis that Magistrate Judge Hegarty deliberately ignored the issues in this case.

Turning to my analysis, I agree with Magistrate Judge Hegarty that this Court lacks jurisdiction in this matter.  Plaintiff alleges that this Court has jurisdiction based both on the presence of a federal question pursuant to 28 U.S.C. §1331 and diversity jurisdiction based on 28 U.S.C. §1332(a).  The United States Supreme Court has always interpreted 28 U.S.C. §1332(a) to require complete diversity of citizenship. *Carden v. Arkoma Assoc.*, 494 U.S. 185, 187 (1990).  Plaintiff's Complaint clearly states that Joel Mecklenberg and Stephanie O'Malley are citizens of the state of Colorado [Plaintiff's Complaint ¶¶ 8 and 10] and that Aronowitz & Ford, LLP is an entity operating in the state of Colorado [*Id.* at ¶9].  Because three of the four named Defendants reside in the same state as the Plaintiff, this Court lacks diversity jurisdiction under 28 U.S.C. §1332(a).

Plaintiff also asserts that this Court has jurisdiction based on the presence of a federal question regarding Defendants' alleged violations of the FDCPA.  However, review of the Plaintiff's claim would necessarily require this Court to overturn the state court's ruling authorizing the sale of Plaintiff's home and determining that Defendant Wells Fargo had the legal right to foreclose on Plaintiff's house.  I agree with Magistrate Judge Hegarty that the state and federal claims are inextricably intertwined.  *Rooker-Feldman* therefore bars this court from consideration of any federal issues presented by the Plaintiff.  *See Feldman*, 460 U.S. at 483-84 n. 16.  Pursuant to 28 U.S.C. §1257,

review of a State Court's judgment must proceed to the highest court of the state and then to the United States Supreme Court.  *See Facio v. Jones*, 929 F.2d 541, 543 (10th Cir. 1991).

Further, Plaintiff asserts that the State Court's ruling is deficient.  These types of claims are exactly the type that should be rejected as being inextricably intertwined because the claims necessarily seek invalidation of a state court's judgment.  *Bergman v. LaCouture*, 218 Fed. Appx. 749, 751 (10th Cir. 2007).  *Rooker-Feldman* prohibits consideration of issues that are inextricably intertwined with issues that the state court has previously decided.  *Feldman*, 460 U.S. at 483-84 n.16.  Therefore, this Court lacks subject matter jurisdiction over any federal claim Plaintiff may have raised.

Plaintiff relies on Colorado state law to support jurisdiction in the federal court.  *See* Objection to Recommendations on Defendants' Motion to Dismiss, ¶ 8.  Plaintiff claims that Rule 120 allows this Court to review the Order Authorizing Sale.  C.R.C.P. 120.  However, Plaintiff's assertion is incorrect as the Rule states that review is appropriate in any court of "competent jurisdiction".  *Id.*  This Court does not have competent jurisdiction.  Rule 120 cannot confer jurisdiction in the federal courts.  Based on the *Rooker-Feldman* doctrine the federal courts cannot act as a court of appeals for a state court's judgment.  *See Rooker* 263 U.S. 413; *Feldman* 460 U.S. 462.

As stated earlier, Plaintiff further alleges that jurisdiction is proper and *Rooker-Feldman* is inapplicable because the state court's finding is void.  *See* Plaintiff's Objection to Recommendation on Defendants' Motions to Dismiss, ¶15.  Plaintiff bases this assertion on the fact that the state court did not require Defendant Wells Fargo to

produce a recorded instrument that it had the right or authority to act to collect or foreclose on Plaintiff's home. *Id.* Plaintiff may be asserting a valid claim that the state court's ruling was contrary to Colorado state law, however, he is raising this claim in the wrong forum.

Plaintiff's assertion that the Colorado state court lacked jurisdiction to hear the case brought by Wells Fargo is incorrect. Rule 120 clearly gives the state courts the authority to hear cases regarding foreclosure. C.R.C.P. 120(f). If Plaintiff believed that Defendants had no legal authority to foreclose on his home the state court was the appropriate forum in which to bring this argument. Plaintiff claims that the state court had no authority to hear this case because Wells Fargo lacked standing to bring the case in state court. However, lack of standing does not divest the state court of jurisdiction. If Plaintiff believed that Wells Fargo lacked standing to bring a claim in the state court, then the foreclosure hearing was the proper forum in which to raise this issue. After the state court ruled on the matter the Colorado Court of Appeals would also have been an appropriate forum for Plaintiff to raise this issue. The state court properly had subject matter jurisdiction, personal jurisdiction and venue; therefore, the state court's order is valid.

In a nearly identical case Judge Weinshienk of this Court granted summary judgment to defendants who had previously foreclosed on plaintiff's home. *Argys v. Schum,* No. 08-cv-00528-BNB, 2008 U.S. Dist. LEXIS 35416 (D.Colo. 2008). In *Argys*, after plaintiff's home had been foreclosed on he filed a complaint for money damages pursuant to several federal statutes alleging that the defendants had violated several of

plaintiff's constitutional rights. *Id.* The court found that plaintiff's suit was barred by the *Rooker-Feldman* doctrine because consideration of plaintiff's constitutional claims would necessitate a review of the state court's decision that foreclosure was proper. *Id.* at 4-5. I find that case persuasive and adopt its holding in this case.

Plaintiff also raises several questions in his Objection to the Magistrate Judge's recommendation. It would be inappropriate for me to answer these questions as this Court lacks subject matter jurisdiction in this case.

Based upon the foregoing, it is

ORDERED that the Recommendation on Defendants' Motions to Dismiss is **AFFIRMED AND ADOPTED**. In accordance therewith, it is

**ORDERED** that Defendants Wells Fargo National Association as Trustee, Joel Mecklenburg, and Aronowitz & Ford, LLP's Motion to Dismiss (Filed February 13, 2008, Doc. #4] and Defendant Denver Public Trustee Stephanie O'Malley's Motion to Dismiss (filed February 15, 2008, Doc. #6], converted to Motions for Summary Judgment, are **GRANTED**, and this case is **DISMISSED WITHOUT PREJUDICE**.

Dated: June 24, 2008

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge